**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JAX SOCCER HOLDINGS, LLC,

      Plaintiff,

v.                                         Case No:  6:19-cv-1885-Orl-78EJK

FULL SAIL, LLC,

      Defendant.
_____/

## ORDER

THIS CAUSE is before the Court on Plaintiff's Motion to Dismiss Count II of Defendant's Counterclaim (Doc. 16), Defendant's Opposition (Doc. 18), and Plaintiff's Reply (Doc. 24). For the reasons stated herein, the Motion will be granted.

**I.  BACKGROUND**

Counter-Defendant, Jax Soccer Holdings, LLC ("**Jax**"), operates a professional soccer team called the Jacksonville Armada Football Club based in Jacksonville, Florida, and owns the registered trademarks "Jacksonville Armada" and "Jacksonville Armada Football Club," with respect to organizing, participating in, and promoting soccer matches and the sale of goods, particularly clothing, related thereto. (Doc. 10, ¶¶ 32, 35–36).[1] Counter-Plaintiff, Full Sail, LLC ("**Full Sail**"), headquartered in Winter Park, Florida, runs Full Sail University, a university dedicated to those pursuing a career in the entertainment industry. (*Id.* ¶¶ 2, 7).

---

[1] For the purposes of this Order, all pinpoint citations to the Counterclaim (Doc. 10) refer to the numbered paragraphs contained within the Counterclaim beginning at page 19 of the document.

On October 2, 2019, Jax filed this lawsuit alleging unfair competition and trademark infringement arising from Full Sail's use of the name "Full Sail Armada" for its Collegiate eSports program and team. (*See generally* Doc. 1). In response, Full Sail filed a counterclaim, wherein it seeks, as relevant to this Order, cancellation of Jax's pending applications for trademark registration—Serial Nos. 88603377 and 88603383—under the Lanham Act, 15 U.S.C. § 1119 ("**Section 1119**"). (Doc. 10, ¶¶ 53–60). Jax moves to dismiss Count II of the Counterclaim.

## II.  LEGAL STANDARD

Courts evaluate motions to dismiss counterclaims under the same standards as a motion to dismiss a complaint. *See Burger King Corp. v. Holder*, 844 F. Supp. 1528, 1529 (S.D. Fla. 1993). "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." In determining whether to dismiss under Rule 12(b)(6), a court accepts the factual allegations in the complaint as true and construes them in a light most favorable to the non-moving party. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009). Nonetheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III.  DISCUSSION

The issue before this Court is whether Section 1119 may be used as an independent vehicle to cancel Jax's pending trademark applications. Full Sail argues that Section 1119 can be used independently, absent the disposition of a related registered mark, if a registered mark held by any party is already at issue in the litigation. Conversely, Jax argues that, at the very least, there has to be a sufficient nexus between the pending application and the registered mark at issue in order to invoke Section 1119, which it argues does not exist in this litigation.

Section 1119 confers on federal courts the authority to cancel trademark registrations so long as a registered trademark is at issue in the litigation. *See* 15 U.S.C. § 1119; *see also D.B.C. Corp. v. Nucita Venezolana, C.A.*, Case Number: 18-25225-CIV-MORENO, 2020 WL 2850277, *5 (S.D. Fla. June 2, 2020). Absent a registered trademark—defined as "a trademark registered in the United States Patent and Trademark Office under this chapter," 15 U.S.C. § 1127— federal courts typically refrain from encroaching on the United States Patent and Trademark Office's ("**PTO**") exclusive jurisdiction to determine applications in the first instance. *See id.* at *6 (citations omitted). However, federal courts recognize an exception to this general rule where a sufficient nexus exists between the trademark application and a registered trademark at issue in the pending litigation. *Id.* ("Analyzing section 1119, this Court . . . finds that it may exercise authority over a trademark application as long as that application is sufficiently similar

(such as in sound, look, and meaning) to the registered trademark at issue in the underlying litigation."); *see also Johnny Blastoff Inc. v. L.A. Rams Football Co.*, No. 97-C-155-C, 1998 WL 766703, *12 (W.D. Wis. June 24, 1998) ("In virtually every case in which a federal court has found authorization to determine the initial registerability of a mark under Section 1119, that registerability determination was tied directly to a challenge to an existing competing registration or a claim of infringement based on an existing registration.").

There is no dispute that there are registered trademarks at issue in the underlying Complaint. Rather, the question is whether Full Sail's attempt to cancel Jax's pending trademark registrations, which would grant it rights to the trademarks "Jacksonville Armada" and "Jacksonville Armada Football Club," with respect to "organizing e-sports events and competitions," (Doc. 10, ¶ 40), is sufficiently related to the underlying claims regarding Jax's previously registered trademarks to confer jurisdiction under Section 1119. To the extent that Full Sail argues that no such nexus is necessary, its argument is contrary to the weight of the authority and principles of judicial comity.

There is not a sufficient nexus between Full Sail's Section 1119 claim and the underlying registered marks. Specifically, the claims at issue with respect to the registered marks turn on questions of similarity and confusion between the existing marks, while Full Sail's counterclaim would require a determination regarding priority of use. Therefore, to succeed on Count II of its Counterclaim, Full Sail would have to present evidence and arguments on both legally and factually distinct issues from those necessary to establish liability on the underlying infringement claims. *See Johnny Blastoff, Inc.*, 1998 WL 766703, *12 (holding that the court lacked "authorization under Section 1119 to rule on

initial registerability where that determination was so legally and factually disconnected from the accompanying dispute involving the registered mark"). Accordingly, there is not a sufficient nexus between the pending applications and the registered trademarks at issue in the underlying Complaint and Count II of the Counterclaim will be dismissed without prejudice.

IV. **CONCLUSION**

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Motion to Dismiss Count II of Defendant's Counterclaim (Doc. 16) is **GRANTED**.
2. Count II of the Counterclaim is **DISMISSED without prejudice**.
3. Defendant may file an amended counterclaim that addresses the deficiencies delineated in this Order **on or before July 10, 2020**.

**DONE AND ORDERED** in Orlando, Florida on June 29, 2020.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

5